**Albert L. HAYES, Petitioner–Appellant,**

v.

**D.S. HARGETT, Warden; Attorney General of the State of Colorado, Respondents–Appellees.**

No. 01–1291.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 2001.

Before SEYMOUR, Circuit Judge, McKAY, and BRORBY, Senior Circuit Judges.

## ORDER AND JUDGMENT[*]

SEYMOUR, Circuit Judge.

■ Mr. Hayes, a state prisoner appearing *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] Mr. Cullen was tried and convicted in December 1991 of murder in the second de-

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Mr. Hayes requests permission to proceed in forma pauperis. We have reviewed petitioner's affidavit and the other materials filed in support of his motion, and conclude that he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Commission,* 115 F.3d 809, 812 (10th Cir.1997)(quoting *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir.1991)). We therefore deny his request to proceed on appeal in forma pauperis.

gree. He was sentenced to forty-two years of incarceration. He filed a direct appeal of his conviction as well as two post-conviction motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.

Mr. Hayes filed the present petition on March 9, 2001, although the district court deemed the action commenced on March 1 pursuant to the prisoner mailbox rule. Rec., doc. 8 at 5 (citing *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). A magistrate judge directed Mr. Hayes to show cause why his application should not be denied under 28 U.S.C. § 2244(d), which places a one-year limitation on applications for writs of habeas corpus. The district court found Mr. Hayes' petition to be time-barred, dismissing it pursuant to section 2244(d). The court subsequently denied Mr. Hayes' request for a certificate of appealability under 28 U.S.C. § 2253.

■ We must determine whether Mr. Hayes is entitled to a certificate of appealability. In so determining, we examine whether he has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Mr. Hayes' state court conviction became final on December 17, 1991. Because his conviction was final before the effective date of AEDPA, Mr. Hayes had 365 days from April 24, 1996, in which to file a habeas petition pursuant to section 2244. *See* 28 U.S.C. § 2244(d). The 365–day period of limitation is tolled for "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Under AEDPA Mr. Hayes' post-conviction proceedings were pending in state court from April 24, 1996, through October 21, 1996; from April 10, 1997, through November 1, 1999; and from February 23, 2000, through August 2, 2000. Therefore, between April 24, 1996, when AEDPA went into effect, and March 1, 2001, when Mr. Hayes filed his habeas petition in Federal district court, a total of 493 days passed when Mr. Hayes had no post-conviction proceedings pending, well over the 365 day limit.

■ On appeal, Mr. Hayes challenges two findings of the district court. First, he asserts that the district court's calculation of 493 days is incorrect, arguing that the period between October 21, 1996, and April 10, 1997, constitutes a total of 139 days rather than the 170 days found by the district court. He offers no reason as to why the district court's calculation is wrong and his is correct. Further, our own calculations render the same result as the district court's. Second, Mr. Hayes contends the 113–day period between November 1, 1999, and February 23, 2000, should not be counted against him in totaling the 365–day limit because his counsel and the clerk of the Colorado State Supreme Court failed to inform him of the denial of his petition for a writ of certiorari. Mr. Hayes argues these omissions constitute ineffective assistance of counsel as well as justifiable excuse. The district court held his claim to lack merit, reasoning that even were it to toll the entire period from November 1, 1999, through February 23, 2000, there would still be 380 days during which Mr. Hayes had no proceedings pending, and his claims would therefore remain time-barred. We agree and therefore need not reach the merits of Mr. Hayes' ineffective assistance of counsel and justifiable excuse claims.

■ We have reviewed Mr. Hayes' briefs, the magistrate judge's order, the district court's order and judgment, and the entire record on appeal. Because Mr. Hayes' section 2254 petition was due within 365 days of April 24, 1996, with time

tolled for reasons laid out in section 2254(d)(2), and because he failed to file his petition for a writ of habeas corpus within that time period, the district court properly determined that his petition is time-barred. When, as here, a claim is denied on procedural grounds without reaching the merits of the underlying constitutional claim, a COA should issue only if the petitioner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).[2] Mr. Hayes has made no such showing here and we therefore deny his request for a COA on this claim.

We therefore DENY his request for a certificate of appealability, DENY his request to proceed in forma pauperis, and DISMISS the appeal.

**2.** In order to obtain a COA when a petition is dismissed on procedural grounds, a petitioner must make two showings, "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Because we conclude that Mr. Hayes has failed to make the requisite showing with respect to the procedural ruling, we do not address the showing directed to the merits. *See id.* (rule that court will not pass on constitutional issue if case may be disposed of on another ground encourages court to resolve procedural issue first).